# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ANDREW ELLIOTT,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　)　　No. 4:06CV00949 ERW
　　　　　　　　　　　　　　　　　)
VA Medical Center,　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　)

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Andrew Elliott for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff brings this action against the VA Medical Center located on Jefferson Barracks Drive, which the Court construes as being the Veterans Administration Medical Center. Plaintiff alleges that he was denied adequate medical treatment because of defendant's negligence. Because plaintiff is asserting personal injuries arising out of the negligence by a Veterans Administration medical facility, the Court will liberally construe his complaint as having been brought under the Federal Tort Claims Act (FTCA).

The exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit in United States District Court under the FTCA. See 28 U.S.C. § 2675(a); Farmer's State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989). There is no indication in the file, and plaintiff does not allege, that he presented his claim to the appropriate administrative agency and that the claim was denied. As such, this action will be dismissed, without prejudice, for failure to exhaust administrative remedies. See 28 U.S.C. § 2675(a).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause

process to issue upon the complaint because plaintiff has failed to exhaust her administrative remedies, and thus, the Court lacks jurisdiction. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 13th Day of October, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE